United States District Court
Southern District of Texas
**ENTERED**
August 18, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CURBY HARKLESS, | § |
| | § |
| Plaintiff, | § |
| VS. | § CIVIL ACTION NO. 3:14-CV-329 |
| | § |
| BRAZORIA COUNTY, TEXAS, *et al*, | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND ORDER

In October 2014, Plaintiff, Curby Harkless, filed this lawsuit against Brazoria County, Texas ("the County"), alleging that County jailers and employees violated his civil rights while he was in the Brazoria County Jail. In December 2014, the County first moved to dismiss Harkless's complaint under Federal Rule of Civil Procedure 12(b)(6), specifically contending that Harkless had failed to allege a claim under which the County could be held liable, pointing out that he was required to "identify and describe with factual specificity the relevant policy or custom and its relationship to the alleged constitutional violation," citing *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). (Dkt. 5). Rather than file a response to the County's Rule 12(b)(6) motion, Harkless instead sought permission to file his First Amended Complaint. (Dkt. 8, 10). The Court granted that permission, and Harkless filed his First Amended Complaint on February 3, 2015. (Dkt. 12). The same day that Harkless filed his First Amended Complaint, the trial court entered a scheduling order setting the deadline for amended pleadings as June 5, 2015 and setting for February 2016. (Dkt. 9). Shortly thereafter,

Brazoria County again moved for a second time to dismiss the claims against it under Rule 12(b)(6), again contending that Harkless still had not alleged facts sufficient to trigger municipal liability. (Dkt. 13).

In June 2015, Harkless again sought permission to amend his Complaint, and the Court again granted permission to amend. Harkless filed his Second Amended Complaint on August 3, 2015. (Dkt. 27). The Court amended the scheduling order to extend the discovery and other pre-trial deadlines, and set docket call for March 2016. Again, the County quickly filed a Rule 12(b)(6) motion—its third—to address Harkless's claims against it. (Dkt. 28). This time, however, in accordance with the scheduling order, County then filed a motion for summary judgment on the dispositive motion deadline— November 20, 2015. (Dkt. 34). In order to streamline the case, this Court denied the County's pending motion to dismiss Harkless' second amended complaint, stating that it would consider the issues as part of its analysis of the County's pending motion for summary judgment. (Dkt. 47). However, the County then requested that the Court consider those issues separately by filing another, amended Motion to Dismiss, re-urging its argument that Harkless's pleading failed to even allege claim for municipal liability under Rule 12(b)(6).

The parties began to prepare for the upcoming docket call by filing proposed pretrial orders and motions in limine. At docket call on March 23, 2016, the Court addressed the issue of the multiple pending motions, and Harkless indicated that his response to the City's motion to dismiss was forthcoming. The Court continued trial for approximately 90 days to consider the issues raised in the pending motion to dismiss and,

then if necessary, the motion for summary judgment. Two days after the docket call, on March 25, 2016, Harkless filed his response to the County's motion to dismiss and the County filed its reply on March 30, 2016. Notably, his response to the County's motion to dismiss did not seek to again amend his complaint—instead, he contended that he had "more than adequately pled factual allegations sufficient to support municipal liability for his excessive force claim and his ADA claim." (Dkt. 62).

On April 28, 2016, the Court granted the County's motion to dismiss under Rule 12(b)(6), pointing out seven specific ways that Harkless's allegations, despite the passage of time and multiple amendments, failed to state a claim for relief under the governing caselaw. On May 26, 2016, Harkless filed a motion for Reconsideration under Federal Rules of Civil Procedure 59(e), 60(b)(1), and 60 (b)(6).

Harkless now contends that he was caught unawares by the Court's consideration of the County's motion to dismiss, and that his counsel "believed that the Court would consider the issues raised by [the County] in its Amended Motion to Dismiss (Dkt. 51) along with the Motion for Summary Judgment (Dkt. 34)." He asserts that this Court should consider his motion as a motion for leave to once again amend his pleadings, even though the pleadings deadline was long passed and a final judgment has already been issued, and he further contends that such leave to amend should be granted "freely." The County responds by pointing out that the caselaw that Harkless cites does not support the relief he requests. The Court agrees with the County, and finds that the requested relief is not warranted on any basis.

### A. Motion to Alter or Amend Judgment under Rule 59(e)

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). A motion under Rule 59 cannot be used to raise arguments or claims "that could, and should, have been made before the judgment issued." *Id.* (citing *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008)).

Based on the record and the pleadings before it, as set out above, the Court does not find that any of these circumstances exist.

### B. Motion for Relief from Final Judgment under Rule 60(b).

Harkless also seeks relief under Rule 60 (b)(1) and 60 (b)(6). Rule 60(b)(1) allows the court to relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. P. 60(b)(1). Federal Rule of Civil Procedure 60(b)(6) allows a court to relieve a party from a final judgment for "any other reason that justifies relief." Critically, however, "[r]elief under this section is granted only if extraordinary circumstances are present." *Hesling v. CSX Trans., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005) (internal quotation marks omitted). Parties can be held accountable for their counsel's acts and omissions. *Silvercreek Mgmt. v. Banc of Am. Sec. LLC*, 534 F.3d 469, 472 (5th Cir. 2008).

4

Based on the record and the pleadings before it, as set out above, the Court does not find that any of these circumstances exist.

### C. Motion to Amend Pleadings After Deadline and Final Judgment

Harkless contends that the Fifth Circuit's opinions in *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) and *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. Nov. 1981) require this Court to grant him leave to amend his pleadings once again.

In *Rosenzweig*, the Fifth Circuit held that "when a district court dismisses the complaint, but does not terminate the action altogether, the plaintiff may amend under Rule 15(a) with permission of the district court." 332 F.3d at 864. However, two important facts differentiate this case from *Rosenzweig*: first, this Court has indeed entered a final judgment terminating the case, and second, the parties here were bound by a scheduling order setting out a deadline for amended pleadings. Similarly, in *Dussouy*, the Fifth Circuit held that Rule 15(a) "evinces a bias in favor of granting leave to amend" and found that the trial court should have allowed a plaintiff to amend his complaint, even though the trial date was approaching and even though the trial court had entered final judgment. 660 F.2d 597. The holding of *Dussouy*, however, was based upon the highly specific facts of that case.

This case is more akin to the circumstances in *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 141 (5th Cir. 1993), where the Fifth Circuit upheld a trial court's denial of a motion to amend where the plaintiffs were aware of the facts presented in their proposed amended pleading, but they did not seek to amend until after summary judgment was

imminent, nine months after the action was initiated. *See also Vielma v. Eureka Co.*, 218 F.3d 458, 468–69 (5th Cir. 2000) (upholding trial court's denial of plaintiff's motion to amend complaint after the court entered judgment against her, stating employee had "ample notice of [defendant's] summary judgment motion, including its stated ground that her [state] claims were time-barred. Accordingly, [she] could have sought to amend her complaint under Rule 15 ... well before the court entered judgment."). In fact, the Fifth Circuit "has consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." *Id.* (quoting *Briddle v. Scott*, 63 F.3d 364, 380 (5th Cir. 1995)).

The Court has analyzed Harkless's proposed third amended complaint—his fourth such attempt. For the first time, Harkless now specifically alleges that he informed jail personnel during the booking process that he needed to use a catheter to urinate. Similarly, he now seeks to add specific allegations about the existence of a written policy "that required jailers, such as Jailer #1 and Other Jailers, to use excessive force on inmates and detainees, without justification, when transferring those inmates and detainees to the mental/violent cell". He does not, however, attempt to amend his allegations on the County's requisite degree of culpability with respect to its alleged failure to train.

To the extent this Court is required to consider the factors under *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Court finds that there was undue delay in seeking the proposed amendments, Harkless had a dilatory motive in seeking the amendments, and

Harkless failed to cure the deficiencies in his previous amendments. Further, the Court notes that Harkless's proposed amendment still does not cure the deficiencies in his allegations regarding the County's alleged failure to train, and the proposed amendments would therefore be futile on this allegation.

## CONCLUSION

After fully considering Harkless's motion for reconsideration of the Court's judgment and for leave to file an amended complaint after the Court's final judgment dismissing his claims with prejudice, the Court finds that the relief requested is not warranted on any basis.

Accordingly, the motion is hereby **DENIED**.

SIGNED at Galveston, Texas on August __17__, 2016.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE